[No. 2028.]

### J. E. Rose *v.* The State.

1. Term Defined — Charge of the Court.— "Wilful," as that term is used in the penal statutes, means with evil intent or legal malice, or without legal ground for believing the act to be lawful. A charge which defined the legal meaning of the word "wilful" as "voluntarily and knowingly" was erroneous.

2. Malicious Mischief.— See the opinion *in extenso* for a state of facts *held* insufficient to support a conviction for malicious mischief by wilfully and mischievously injuring the personal property of another.

3. Complaint — Information.— A complaint is a necessary prerequisite to the validity of a prosecution by information, and the record on appeal should bring up the complaint.

Appeal from the County Court of Van Zandt. Tried below before the Hon. J. G. Russell, County Judge.

The opinion of the court discloses the nature of the case, and states sufficiently the import of the evidence adduced upon the trial. The penalty imposed was a fine of $10.

*C. B. Kilgore,* for the appellant.

*J. H. Burts,* Assistant Attorney-General, for the State.

Willson, Judge. This prosecution was instituted and conviction obtained under article 683 of the Penal Code. It is charged in the information that the defendant did wilfully and mischievously injure

personal property belonging to one Herchburg, by throwing and kicking the goods, wares and merchandise of the said Herchburg into the street.

The evidence shows that Herchburg was engaged in merchandising in the town of Wills Point, his store-house fronting on a sidewalk and street of said town; that his clerk had piled up a lot of trunks on the sidewalk in front of said store-house, and had placed on top of the trunks some ready-made clothing — a boy's suit,— and on top of all had placed a plank some four or five feet long, reaching diagonally into the sidewalk; had also hung a quilt or comfort entirely across the sidewalk, sufficiently high, perhaps, for a person of ordinary height to walk under it, though one witness said that he had to stoop to pass under it. The sidewalk was eight or ten feet wide, but the greater portion of it was obstructed by the trunks and goods, leaving only about three feet passway.

This being the condition of affairs, the defendant appeared upon the scene, and inquired of the clerk who had placed the goods on the sidewalk, if he intended to move those goods, remarking that if he was not going to move them, he, defendant, would move them. The clerk replied that he was not going to move them, and thereupon the defendant knocked and kicked down the trunks and clothing, and pulled down the quilt or comfort, and left the goods upon the ground. These are substantially the facts of the case as we find them stated in the record.

The court instructed the jury that the term "wilfully," as used in the statute, meant "voluntarily and knowingly." This was error. The word "wilful," when used in a penal statute, means with evil intent, or legal malice, or without reasonable ground for believing the act to be lawful. (*Thomas* v. *The State*, 14 Texas Ct. App., 200.) There can be no question but what the defendant committed the act voluntarily and knowingly. But this does not necessarily prove that his intent was evil, or that he did not have reasonable grounds for believing that he had a lawful right to remove the obstructions from the sidewalk.

The sidewalk was public property, a public way constructed for the convenience and use of the public generally. What right had Herchburg's clerk to obstruct it? None whatever that we are aware of. It is a penal offense to wilfully obstruct a public street, and a sidewalk is a part of a public street. (Penal Code, art. 405.) Defendant had the legal right to pass along that sidewalk, and we think he had reasonable grounds for believing that it was lawful for him to remove the obstructions which he found therein. It is

not necessary that we should here decide whether or not he had the lawful right to clear the sidewalk of the obstructions. We shall not pause to investigate this question. We are inclined to the opinion, however, that any citizen had the right peaceably to remove the obstructions. We do decide, however, that the evidence fails to show that the defendant, either wilfully or mischievously, within the legal meaning of those terms, committed the act of which he has been convicted.

Again, it does not appear from the evidence that the goods were injured. The clothing was thrown down on the ground, and some dirt or dust thereby got on them, but they were immediately brushed, and were as valuable as before. We think the evidence wholly fails to sustain the conviction, and the prosecution, to our minds, seems frivolous, if not malicious.

Again, in the record before us, there is no complaint. A prosecution by information cannot be carried on without a complaint, and the complaint should appear in the record on appeal to this court. (*Lackey* v. *The State*, 14 Texas Ct. App., 164.)

Because of the errors mentioned, and because the conviction is not warranted by the evidence, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Opinion delivered December 2, 1885.]